IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GERALD S. MADISON,<br>    *Plaintiff,*<br><br>v.<br><br>JO ANNE B. BARNHART, Commissioner<br>of Social Security,<br>    *Defendant.* | No. 2:03-0080<br>Judge Nixon<br>Magistrate Judge Knowles |

## ORDER

Pending before the Court is Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 9), to which Defendant has responded in opposition (Doc. No. 17). The Court has received the Magistrate Judge's comprehensive Report and Recommendation ("Report") in the above-styled matter, recommending that the Court deny Plaintiff's Motion for Judgment on the Pleadings and affirm the decision of the Commissioner. (Doc. No. 21.) Plaintiff filed objections to the Report (Doc. No. 22), to which the Defendant has not responded.

This Court has reviewed the Report and herein adopts the background and facts as stated by the Magistrate Judge. This Court may not try a case de novo, resolving conflicts in evidence and deciding questions of credibility. Shelman v. Heckler, 831 F.2d 316, 320-21 (6th Cir. 1987). Rather, Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Thus, the Court's review is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).

Plaintiff objects that the ALJ's decision did not provide adequate reasoning for disregarding the opinion of the Plaintiff's treating physician. Specifically, the Plaintiff contends that the Magistrate Judge did not "question the factual underpinning of the ALJ's logic." (Doc. No. 22 at 4.) "Plaintiff acknowledges that . . . a claimant's daily activities may be relied upon to rebut a treating physician's opinion." (Id.) This is precisely what the ALJ did.[1] Upon review of the record, and specifically Plaintiff's own testimony, the Court finds that there is substantial evidence in the record to support the conclusions of the ALJ disregarding the opinions of Plaintiff's treating physicians. Landsaw, 803 F.2d at 213.

This Court has reviewed de novo those portions of the record to which the Plaintiff objects. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Consequently, the Court agrees with the Magistrate Judge's finding that the Plaintiff's objections to the ALJ's decision are without

---

[1] The ALJ stated:
Ordinarily, the opinions of treating physicians are entitled to greater weight than the opinions of nontreating physicians, as indicated in Social Security Regulations 404.1527(d)(2) and 416.927(d)(2). However, in the instant case, the evidence indicates that Mr. Madison's own activities demonstrate that he has retained a greater functional capacity than suggested by his treating physicians. Thus, pursuant to 20 CFR 404.1527(d)(6) and 416.927(d)(6), the opinions of the treating physicians are not being given the great weight generally attributed to the opinions of treating physicians.

In contrast to his allegations of disability, the evidence reveals that the claimant has retained the capacity to be fairly active. (i.e., Exhibits 18-20, 26, 27, 31, 39; and 50). He had beagles for hunting, caring for the dogs and going rabbit hunting. He went fishing intermittently. While his wife worked, he engaged in household activities such as vacuuming, doing the dishes, cooking, performing odd jobs, and doing laundry. He used a riding mower, and cut the lawn. On various occasions, physicians had noted that he was well tanned. He was able to drive short distances, and went grocery shopping. He walked for some exercise, and visited with friends. He read and watched television. He was a grandfather, and played with his grandson. The evidence reveals that he did other work around the house, doing some painting and working on the roof. He was unable to engage in strenuous physical activity on a continuous basis, but could be active.

(AR 236.)

merit. The Court OVERRULES Plaintiff's objections, and ADOPTS the Magistrate Judge's Report in its entirety.

Accordingly, Plaintiff's Motion for Judgment on the Pleadings is DENIED and the decision of the Commissioner is AFFIRMED. This action is hereby DISMISSED.

It is so ORDERED.

Entered this the 8 day of May, 2006.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT